UNITED STATES DISTRICT COURT
FILED
JUL 1 4 2021
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

**21 CV 807**

# UNITED STATES DISTRICT COURT

Michael D. Siler                    Case No. _____

              Plaintiff                    Complaint
                                           (pro se)

         V.                                Jury demand
                                           (No)

Officer J. Hicks, Officer Kirk,
~~&~~ N.Y.S. DOCCS Commissioner, Anthony J. Annucci
~~[crossed out]~~ Sgt John Doe, Sgt Que ball

I.
    42 U.S.C. § 1983 (state, county, or ~~[crossed out]~~ municipal defendants).

II. Plaintiff information

• Michael D. Siler              Five points Correctional
  18B0821                        facility
                                 State Route 96, P.O. Box 119
                                 Romulus, NY, 14541

• Convicted and sentenced state prisoner

II. Defendants information

(p1)

Defendant NO: 1
J. Hicks
Correctional officer
Elmira Correctional facility
P.O. Box 500
Elmira, NY, 14902-0500

Defendant NO: 2
Kirk, unknown
Correctional Officer
Elmira Correctional facility
P.O. Box 500
Elmira, NY, 14902-0500

Defendant NO: 3
Annucci, J. Anthony
N.Y.S. Doccs ~~Commi~~ Acting Commissioner
1220 washington Ave Bldg #2
Albany, NY, 12226

Defendant NO: 4
Doe, John
~~Correctional~~ Sgt.
Elmira Correctional facility
P.O. Box 500
Elmira, NY, 14902-0500

P2

Defendant No: 5
 Queball, Unknown
   Sgt.
 Elmira Correctional facility
  P. O. Box 500
 Elmira, NY, 14902-0500


IV. Statement of facts

1) On 2/15/21 in Elmira Correctional facility
SHU shower (Handicapp shower) Plaintiff Michael
Siler. Attempted to committ suicide, by cutting his
Arms, risk, stomach, and chest with a shower razor,
~~Because~~ during showers on the 3-11 shift. Because of this,
Plaintiff was escorted out of the SHU, to medical. At
the time of this escort. Defendant J. Hicks was the
escorting officer. When Plaintiff was being escorted
to medical to be ~~bandaged~~ bandaged up before going to
the mental health unit. When Plaintiff got to medical
he was seen by the medical nurse. Which the nurse asked
Plaintiff some medical questions, then bandaged plaintiff
Cuts up. After plaintiff was bandaged up, he heard officer
J. Hicks. Tell the escorting Sgt, that when Plaintiff gave
the shower razor back. There was a piece of the razor
missing. And that Plaintiff might have it in his possession

Then officer J. Hicks told me that he had had to strip, so they could search him. He told officer J. Hicks that He didn't have a piece of the razor. And that there going to strip search him in the MHU. Officer J. Hicks stated to Plaintiff, that he had to check his rectum. Plaintiff stated that " if you think there's something in my rectum. I'm suppose to go on feces watch". Then two other officers in the room with plaintiff and officer J. Hicks. Grabbed one of plaintiff arms each, while plaintiff arms were cuffed to the back of his body. And forced Plaintiff to lay on his stomach, on top of the medical bed. Which plaintiff was in a bend at the waist position. Then officer J. Hicks pulled plaintiffs pants and boxers down and inserted a finger in plaintiffs rectum. Then plaintiff asserts that he felt. Officer J. Hicks insert another finger in his rectum. Plaintiff asserts that, then officer J. Hicks moved them in a circular motion for like 10 seconds. And then officer J. Hicks took them out. And pulled plaintiff pants and boxers back up. And then plaintiff was escorted to MHU by the Sgt and officer J. Hicks. Plaintiff asserts that the assault on him by officer J. Hicks. Took place at medical, second floor in one of the medical examination rooms with a big tv in it.

Plaintiff asserts that when he was in the MHU. He told the nurse during morning meds run, that he was sexually assaulted by an officer in medical on ~~the~~ ~~second~~ the second floor. Plaintiff asserts that the nurse said they would contact the PREA staff and have them come see you. Which plaintiff asserts never happened.

2) On the date of 2/18/21, Plaintiff was discharged from the MHU and escorted back to Elmira SHU. On the date of 2/18/21, on the 3-11 st shift. Plaintiff tried to committ suicide once again, by cutting his risk. On the officer rounds. He notice plaintiff had alot of blood on his shirt and body. Plaintiff asserts that, like 3 minutes later, Officer Kirk came to plaintiff cell (26) and asked plaintiff if he cut himself. Plaintiff asserts he told officer Kirk, "yes I did, I want to die". Officer Kirk then asked plaintiff, "what did you cut yourself with". Plaintiff told officer Kirk that, he cut hiself with a piece of shard plastic. off of his back gate that was left there by maintance after they were welding on plaintiffs back gate to his cell (26). Two minutes later, Plaintiff was escorted to medical again to get bandaged up. Plaintiff was escorted by an unknown Sgt and officer Kirk.

Plaintiff was once again taken to the second floor of medical. Into the same medical room that he was sexually assaulted in. By officer J. Hicks on the date of 2/15/21. Plaintiff asserts that, once he was bandaged up. Officer kiek stated to him "I don't believe you flushed what you cut yourself with". "And that I needed to be strip searched for contraband". Plaintiff asserts that he didn't feel comfortable strip searching here. Because of what happened to him on 2/18 2/15/21. Plaintiff asserts then, the sgt told two officers who's names plaintiff doesn't know. To hold me down while officer kiek search me for contraband. That's when the two unknown officers held plaintiff down on his stomach. And plaintiff asserts that Officer kiek stuck his finger in plaintiffs rectum. Then plaintiff asserts that, Officer kiek then pulled his pants and boxers up, And plaintiff was then escorted to MHU by the sgt that told officers to strip search him. And the same sgt that watched plaintiff be sexually assaulted by Officer kiek. Officer kiek was also escorting him to MHU. The next day from the assault (2/19/21) while plaintiff was in MHU. He reported the assault to a nurse and to the Mental therapist. which he

was never seen by a Sgt or any prea staff after his complaint about what happened to him on 2/15/21 and 2/18/21. On the date 2/23/21 plaintiff was cleared from MHU. And escorted back to Elmira SHU. Plaintiff asserts that he waited for a couple of days. To go by and see if someone would come see him about his complaints. Plaintiff asserts that after waiting for five days. No one came to his cell (26) about the incidents. So plaintiff asserts that on 2/28/21. He had contacted prea hotline, which they stated to him. That they don't investigate complaints anymore. And I would have to make a complaint on the matter to Office of special investigations (O.S.I.)

3) On the date of 3/1/21, plaintiff cut his risk again in his cell (26) on the 7-3 shift after breakfast handout. When officers came to plaintiffs cell to pick up his trash and empty tray. The officers notice plaintiffs risk had blood around them both along with both his forearms. Plaintiff asserts that 5 minutes later, He was escorted to medical by Sgt.

Queball and once again by officer J. Hicks. When he got to medical, he was brought to a medical examination room on the first floor. A nurse came and bandaged him up. Sgt. Queball then asked the plaintiff "what did you use to cut yourself with". Plaintiff told Sgt Queball that he used a shred plastic from the back of his cell (26) gate again like the second time he cut his risk. Then plaintiff asserts that Sgt Queball said I had to be strip searched. Plaintiff asserts that he started to cry. And stated "I'm not letting Officer J. Hicks sexually assault me again like he did on 2/15/21. Sgt Queball stated to plaintiff "I don't buy that not one bit". "Now you can be strip search calm or we'll use force". Plaintiff asserts that he would strip search if a handheld camera present. Sgt Queball then stated "No" and left the room. When the Sgt came back in the room. He was with two more officers who's names the plaintiff doesn't know. Plaintiff asserts Sgt Queball then stated "Strip him". Next plaintiff asserts that the two officers Grabbed him. Then held him down on his stomach. And officer J. Hicks pulled plaintiffs pants and boxers down. And then inserted

a finger in plaintiffs rectum and then a split second later. Plaintiff felt another finger inserted in his rectum. Plaintiff asserts that he was screaming for help and kicking. Plaintiff asserts to Sgt Queball by screaming to him. That, "this is the third time you officers sexually assaulted me at medical". Plaintiff asserts that officer J. Hicks told him to "Shut up" "and that there allowed to search an inmates rectum for conterband". Plaintiff asserts that officer J. Hicks pulled his pants and boxers up. Plaintiff asserts that he was escorted to MHU by Sgt. Queball and officer J. Hicks. Plaintiff asserts that he stated to Sgt. Queball and officer J. Hicks that "he will be making another complaint about the incident to Anthony J. Annucci again, to OSI again and that he will be filing more grievances about the sexual assault again". Plaintiff asserts that officer J. Hicks stated "you filed one on me from the first sexual assault and nothing happend, I'm backed by the union". Plaintiff asserts that he told the officer doing rounds in the MHU. That he need to speak to the area Sgt. This was in the morning time, and after lunch he stopped the officer again and told him he need to

Speak to the area Sgt and then 10 minutes later the Sgt came to my cell ~~crossed out~~ (10 or 11) in MHU. Plaintiff asserts he told the Sgt what happened and that he wanted to make a report to investigate all 3 sexual assault incidents with him. Plaintiff asserts that he asked the Sgt his name. But the Sgt stated "You don't need my name, I'm not getting mixed up in this bullshit game your playing". Plaintiff asserts that he told the mental health therapist again about him being sexually assaulted a third time. Plaintiff asserts that he stayed in MHU until 3/15/21. And then he was escorted back to Elmira SHU.

4) On the date of 2/18/21, the Sgt that was escorting ~~me~~ him to medical, who's name plaintiff doesn't know at this time. Told two officers, who's names plaintiff doesn't know at this time. ~~To~~ To hold ~~me~~ him down, for ~~me~~ him to be strip searched. This same Sgt allowed officer ~~crossed out~~ Kick to sexually assault plaintiff in his presents on the second floor at medical, in a medical examination room. Plaintiff asserts that the Sgt allowed officer ~~crossed out~~ Kick to violate his constitutional rights in front of him

On 3/1/21, Sgt Queball allowed officer J. Hicks to sexually assault plaintiff in his presents. This incident happened on the first floor in Elmira Medical building. Inside a medical examination room. Sgt. Queball did not stop officer J. Hicks from violating plaintiffs constitutional rights.

5) On the date of 3/1/21, Plaintiff sent out letter to Acting Commissioner, Anthony J. Annucci office, which is 1220 washington Ave Bldg #2, Albany, NY, 12226. Plaintiff explained in his letter about the sexual assault incidents with him on 2/15/21, 2/18/21. On the date of 3/16/21, Plaintiff wrote Acting Commissioner, Anthony J. Annucci again about the sexually assault incident that happened with him on 3/1/21. Plaintiff asserted in both his letters that he felt his health and safety was in grave danger while being in Elmira facility.

Plaintiff asked in his letter to be transferred out of Elmira SHU. Because there was going to be retaliation towards him from officers that worked the SHU ~~often~~ frequently with Sgt. Queball, officer Kirk and officer J. Hicks. Plaintiff asserts that weeks went by. And he was subject to retaliation the whole time. Plaintiff asserts that he wrote Mr. Annucci again sometime in late April about the Retaliation. And plaintiff stated in that letter also that Doccs, ~~Isn~~ Isn't going by the " 115.67 ( Agency protection against retaliation on prea claims) 115.67 states that " ~~Isn~~ " An Inmate must be transferred out of the facility. Where inmate claims he was sexually assaulted by staff or another inmate. OR the officer is to be removed from the inmate that has the Sexual assault on the staff member". Plaintiff asserts that he was never ~~trans~~ transferred out of Elmira facility. And that officer Kirk, officer J. Hicks, and Sgt Queball. Still was working a few times around the plaintiff, making threathening comments to him like " I should have stuck my night stick in there". " ~~Maybe~~ Maybe next time he goes to medical I will". This

was said by officer Kirk. Mr. Annucci kept ~~me~~ him in the facility where plaintiff was assaulted sexually. Because plaintiff has an active Section 1983 complaint on Mr. Annucci. For the same reasons as in this complaint. For being deliberately indifference to plaintiffs health and safety. While plaintiff was housed in fishkill SHU.

## First Claim
### (8th amendment violation)

1) On the date of 2/15/21, in a Elmira facility medical room on the second floor. Officer J. Hicks violated plaintiffs 8th amendment under cruel and unusual punishment. By sexually assaulting plaintiff by him sticking two of his fingers in plaintiffs rectum looking for contraband This incident happened on the 3-11 shift.

2) On the date of 2/18/21, in a Elmira facility medical room on the second floor. Officer Kirk violated plaintiffs 8th amendment under cruel and unusual punishment. By sexually assaulting plaintiff by him sticking ~~two~~ one of his fingers in plaintiffs rectum looking for contraband. This incident happened on the 3-11 shift.

3) on the date of 2/18/21 in a Elmira facility medical room on the second floor. Sgt. John Doe ~~xxxx~~ Violated plaintiffs 8th amendment. By failing to protect and intervene. When he saw officer Kirk stick ~~two~~ one of his fingers in plaintiffs rectum looking for Conterband. This incident happened on the 3-11 Shift.

4) On the date of 3/1/21 in a Elmira facility medical room on the first floor. ~~Sg~~ Sgt. Queball Violated plaintiffs 8th amendment. By failing to protect and intervene. When he saw officer J. Hicks ~~x~~ stick two of his fingers in plaintiffs rectum looking for Conterband. This incident happened on the 7-3 shift

5) Acting Commissioner Anthony J. Annucci is in Violation of plaintiffs 8th amendment. By allowing plaintiffs ~~health~~ health and safety. To be in danger after plaintiff informed Mr. Annucci thru letters. Also by Mr. Annucci not going by 115.67 (Agency protection against retaliation on prea claims) ~~xxx~~ Mr. Annucci was informed by these incidents on two different occassions thru letters. Therefore Making Mr. Annucci ~~deliberately~~ deliberately

Indifference to plaintiffs health and safety.

## Second Claim
## (14th amendment violation)

1) Mr. Anthony J. Annucci is in direct violation of plaintiffs 14th amendment under due process. It was plaintiffs liberty to be ~~~~ removed from the facility. Plaintiff asserts he was sexually assaulted. Under 115.67 (Agency protection against retaliation on prea claims) ~~~~ It states an Inmate is to be transferred out of the facility, where the alledged sexual assault took place. The plaintiff wasn't removed from Elmira facility until 6/17/21. Four months from plaintiffs ~~for~~ first sexual assault against ~~~~ him. And the only reason why plaintiff was drafted out of Elmira. was because of a program need that only five points SHU had. And therefore he was ~~~~ transferred to five points Correctional facility SHU on 6/17/21.

VI. Relief Requested

~~Plaintiff~~
• ~~I~~ would please like to have an protective injunction to never be sent to Elmira facility or SHU for plaintiffs health and safety will always be in danger there.

• I would like defendants, officer J. Hicks, officer Kirk, Sgt John Doe, and Sgt Queball. To collectively pay out to him 250,000$ in compensatory damages. Plaintiff is sueing these four defendants in their indivisual capacity. He would like Criminal Charges on these four defendants also.

Plaintiff
• I want Mr. Annucci to be ordered by the Courts to up hold the protective injunction.

I declare under penalty of perjury that the foregoing is true and correct

7/5/21
Date written

Plaintiff (pro se)

Parties to previous
lawsuits:

1) Michael D. Siler ( pro se plaintiff)

2) Sgt fletcher ( defendant)

3) Officer Russull (defendant)

4) officer Hollenback (defendant)

- In Northern district Courts
- 9:19 - cv- 00427- DNH-TWD ( docket number / case number
- Magistrate Judge, Therese wiley Danks
- Disposition / currently pending
- April 10th 2019 ( filing date)

_____

1) Michael D. Siler (pro se plaintiff)

2) officer ~~crosse~~ pepeto Munroe

3) officer Edwin Lopez

4) officer J. walden

5) superintendent Leroy fields

6) Acting commissioner of N.Y.S., Anthony J. Annucci

- In Southern district Courts
- 7:20-cv-05794- PMH
- Magistrate Philip M. Halpern
- Disposition / currently pending
- July 24th 2020 ( filing date)

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )
                     ) ss.:
COUNTY OF CHEMUNG   )

**21 CV 807**

    I, _Michael Siler_ , being duly sworn, deposes and says that:

    1. I am a party to this action, 18 years or older, and an inmate at Elmira Correctional Facility, P.O. Box 500, Elmira, New York.

    2. On the _12_ day of _July_ , 20_21_, I served the following described paper(s): _Complaint (1983) cover sheet, Authorization sheet, Application to proceed poor person_ by mailing the paper(s) to the person at the address designated by him or her for that purpose by depositing the same in a first class, postpaid, properly addressed wrapper, in an official depository under the exclusive care and custody of the above-mentioned facility for the United States Postal Office within the State of New York. The name of the person or names of the persons served and the address or addresses at which service was made are as follows:

_U.S. District Court_      _State of New York_
_Western District of New York_   _Office of the Attorney General_
_U.S. Courthouse, 2 Niagara Sq._   _The Capitol_
_Buffalo, 14202_      _Albany, NY, 12224-0341_

_Court Exchange Bldg.,_
_Suite 200, 144 Exchange Blvd,_
_Rochester, 14614-2176_
_Asst. Atty. General in charge_
_Ted O'Brien_

Respectfully submitted,

_Michael Siler_

Sworn to Before me this _7th_

day of _July_ , 20_21_.

_Tyler Chase_
NOTARY PUBLIC

TYLER CHASE
Notary Public - State of New York
No. 01CH6381894
Qualified in Seneca County
My Commission Expires October 15, 2022

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET    21 CV 807

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS Michael D. Siler | DEFENDANTS Officee J. Hicks, officee Kiek |
|---|---|
| | Sgt. John Doe, Sgt Queball, Acting commissioner |
| | for D.Y.S. DoCS, Anthony J. Annucci |
| (b) County of Residence of First Listed Plaintiff Chemung | County of Residence of First Listed Defendant Chemung |
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
| PRO Se | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☒ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | **PERSONAL INJURY** | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 830 Patent | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | **LABOR** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| | | ☐ 710 Fair Labor Standards Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | ☐ 720 Labor/Management Relations | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 740 Railway Labor Act | | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 751 Family and Medical Leave Act | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 791 Employee Retirement Income Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | **PRISONER PETITIONS** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Habeas Corpus:** | | |
| | ☐ 448 Education | ☐ 463 Alien Detainee | **IMMIGRATION** | |
| | | ☐ 510 Motions to Vacate Sentence | ☐ 462 Naturalization Application | |
| | | ☐ 530 General | ☐ 465 Other Immigration Actions | |
| | | ☐ 535 Death Penalty | | |
| | | **Other:** | | |
| | | ☐ 540 Mandamus & Other | | |
| | | ☒ 550 Civil Rights | | |
| | | ☐ 555 Prison Condition | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding

☐ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from Another District *(specify)*

☐ 6 Multidistrict Litigation - Transfer

☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. 1983 Section

Brief description of cause:
Violation of Eight and fourteenth Amendment

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

DEMAND $ 250,000

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE Philip M. HAlpern (Therese Dancks)

DOCKET NUMBER 7:20-CV-05794-PMH, 9:19-CV-00427-DNH-TWD

DATE 7/3/21

SIGNATURE OF ATTORNEY OF RECORD michael Siler

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE

Five points Correctional facility

State Route 96, P.O. Box 119

Romulus, New York, 14541

Michael Siler (18B0821)



U.S. POSTAGE PAID
PM 2-Day
ROMULUS, NY
14541
JUL 13, 21
AMOUNT
**$0.00**
R2305M146090-01

1023     14202



EXPECTED DELIVERY DAY: 07/16/21

USPS TRACKING® #

9505 5151 8307 1194 2116 13



PRIORITY ★ MAIL ★

TRACKED
★ ★ ★
INSURED
★

UNITED STATES
POSTAL SERVICE®

For Domestic and International Use     Label 107R, May 2014

Five Points Correctional
Facility
Legal Mail Only

FIVE POINT
CORRECT
FACILITY

TO: U.S. District Court

Western District of New York

U.S. Courthouse, 2 Niagara Sq.

Buffalo, NY, 14202

NO
Funds
Were
Enclosed